1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR A. AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO,<br><br>Defendants. | Case No. 1:19-cv-01802-NONE-EPG<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO VOLUNTARILY DISMISS HIS CASE; OR<br><br>(3) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS TO A DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 1)<br><br>THIRTY (30) DAY DEADLINE |

Oscar A. Aguilar ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 30, 2019. (ECF No. 1). Plaintiff's complaint largely challenges his conviction and sentence, which, as described below, is not cognizable through this type of complaint. If Plaintiff wishes to challenge his sentence, Plaintiff must file appeals of his conviction and may potentially file a claim for a writ of habeas corpus.

1

Plaintiff now has options as to how to move forward.  Plaintiff may file an amended complaint based on the legal standards in this order if he believes that additional facts would state additional claims.  If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course.  Plaintiff may file a statement with the Court saying he wishes to voluntarily dismiss this case without prejudice.  Or, Plaintiff may file a statement with the Court that he wishes to stand on this complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

I.        SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d

677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges as follows:

On the day Plaintiff got arrested up until the sentencing, there was no due process or equal protection. Plaintiff was not read his *Miranda* rights or even the right to have counsel. Instead, he was sent straight to county jail. All the allegations against him were falsified. Plaintiff did not commit them.

The court also violated the Six Amendment right to choose either a bench or jury trial and the right to counsel. What they did is use their own power not to give Plaintiff his request to have a jury trial and denied it, because there is no accuser at all or witness that Plaintiff committed the crime. There is only hearsay and false evidence by the prosecutors.

Plaintiff remembers the judge at sentencing saying Plaintiff is innocent but they had the power to send Plaintiff to prison. After a few days they sent Plaintiff to prison although they knew there was a pending adjudication.

Plaintiff is confused and disappointed and traumatized because the charges are very serious and Plaintiff is in a dangerous situation.

The California Department of Corrections and Rehabilitation is also responsible for keeping Plaintiff in prison for almost ten years. Plaintiff remembers being at reception in Wasco and then sent to Corcoran facility. The counselor told Plaintiff to sign something and then Plaintiff would go back to court because of the "pending adjudication." After signing, they never sent Plaintiff back to court.

Plaintiff was there for six more years and then sent to CCI Tehachapi on April 12, 2017. He has been there until now. Plaintiff kept on appealing, but the Court continually denied

Plaintiff's request, even though they knew that Plaintiff had a pending adjudication on which Plaintiff attached a copy to support his claim.

Plaintiff is also exonerated by the DNA evidence. The court said they had all the evidence, but never provided even the accuser that they said would be there but was not there. They made Plaintiff guilty as a serious and violent criminal according to them, but no DNA evidence. By denying Plaintiff's request for DNA evidence, they know that Plaintiff is innocent and they convicted him wrongly.

In prison, with the serious charges that Plaintiff didn't commit, it is so scary. All the staff know your charges. They have access to them online by getting your CDC number. Especially the correctional officers. Some people commit suicide because they are scared to go outside the yard because it is such a serious allegation. Plaintiff believes there are so many charges like his where they are innocent. Plaintiff has seen in the newspaper that people get killed with those type of charges. The mass incarceration is destroying families and separating children from their parents. This needs to stop for the better of our country. Tax payers are also suffering with divided government.

Plaintiff's physical body is also deteriorating because Plaintiff was a victim of poisoning by fellow inmates and the medical care is not concerned with Plaintiff's complaint.

Plaintiff attaches multiple documents about his conviction and sentence, including an abstract of judgment filed on November 14, 2011 for aggravated sexual offenses. The handwriting indicates that the total sentence is indeterminate: 75 years to life, and determinate: 16 years.

### III.   ANALYSIS OF PLAINTIFF'S CLAIMS

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

**B.  Plaintiff Cannot Challenge Conviction of Sentence in Section 1983 Action**

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act").

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser, 411 U.S. at 500; Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 11 S. Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the *conviction* or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488; Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (*en banc*) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence...."), cert. denied, ––– U.S. –––, 137 S. Ct. 645, 196 L.Ed.2d 542 (U.S. Jan. 9, 2017) (No. 16-6556).

Here, Plaintiff challenges the legality of his conviction and the duration of his sentence on many grounds including lack of due process and equal protection.  This type of challenge does not state a claim under Section 1983.  Instead, Plaintiff must appeal the conviction and may file a writ of habeas corpus.

**C.  DNA Evidence**

Plaintiff claims that he is exonerated by DNA evidence.  To the extent he is challenging his conviction and sentence, this claim cannot go forward in this Section 1983 lawsuit, as described above.  However, there is a limited exception for a claim that the state's refusal to

provide DNA testing violated due process of the law. To state such a claim, Plaintiff would have to describe the attempts to get DNA evidence, the process that is provided by the state for obtaining DNA evidence, and why those procedures as applied to him violate due process.

The Supreme Court held in Skinner v. Switzer, 562 U.S. 521 (2011), that a convicted prisoner may bring a post-conviction claim for DNA testing pursuant to Section 1983 because "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive[,]" and will not necessarily imply the invalidity of his conviction. Skinner, 562 U.S. at 525.

This followed the Supreme Court's decision in District Attorney's Office for Third Judicial Dist. v. Osborne 557 U.S. 52, 69 (2009), which held that Alaska law governing procedures for postconviction relief did not violate a prisoner's due process right. While the Court held that the Plaintiff's due process rights were not violated in that case, the Supreme Court provided a framework for evaluating whether a refusal of a state to allow DNA testing violated a Plaintiff's due process rights, explaining:

> The State accordingly has more flexibility in deciding what procedures are needed in the context of postconviction relief. "[W]hen a State chooses to offer help to those seeking relief from convictions," due process does not "dictat[e] the exact form such assistance must assume." *Pennsylvania v. Finley,* 481 U.S. 551, 559, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). . . . [T]the question is whether consideration of [Plaintiff's] claim within the framework of the State's procedures for postconviction relief "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental," or "transgresses any recognized principle of fundamental fairness in operation." *Medina v. California,* 505 U.S. 437, 446, 448, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992) (internal quotation marks omitted); see *Herrera, supra,* at 407–408, 113 S.Ct. 853 (applying *Medina* to postconviction relief for actual innocence); *Finley, supra,* at 556, 107 S.Ct. 1990 (postconviction relief procedures are constitutional if they "compor[t] with fundamental fairness"). Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided.

District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 69 (2009). Skinner noted, however, that the Supreme Court's prior decision in District Attorney's Office

for the Third Judicial District v. Osborne, 557 U.S. 52 (2009), "severely limits the federal action a state prisoner may bring for DNA testing." Skinner, 562 U.S. at 525.

Accordingly, a plaintiff can state a cognizable Section 1983 claim by challenging the constitutionality of a state statute on its face or ass applied to his case. However, a plaintiff cannot state a cognizable Section 1983 claim by challenging or seeking review of the state court rulings denying requests for DNA evidence. See Skinner, 562 U.S. at 533, 536; see also Martinez v. Dist. Attorney of San Joaquin Cty., 2012 WL 1574818, at *3 (E.D. Cal. 2012) (a claim challenging state court decision denying DNA testing is not cognizable under section 1983).

Here, Plaintiff appears to challenge the fact that he was convicted without DNA evidence. This does not state a cognizable claim under section 1983.

### D. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is

insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that he was a victim of poisoning but that medical was not concerned. This allegation is not sufficient to establish a claim for deliberate indifference to serious medical needs under these legal standards. If Plaintiff chooses to amend his complaint and wishes to pursue this claim, he should describe his serious medical need, who with medical he consulted about this need, what that person(s) provided or failed to provide to him, and the reason they gave, if any, for treating or failing to treat him.

### E. Unconstitutional Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other

grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." Id. (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." Id. (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff claims that he lives in fear because correctional officers know about his charges. These facts alone are not sufficient to state a claim for unconstitutional conditions of confinement. If Plaintiff wishes to amend his complaint to assert such a claim, he should describe the conditions that threaten his safety, whether he was harmed as a result of information about his conviction, whether he told any officer of the prison about a threat to his safety, and how that person reacted or failed to react.

**IV.    CONCLUSION AND ORDER**

The Court finds that Plaintiff's complaint fails to state any cognizable claims.

However, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, the amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to voluntarily dismiss this lawsuit, without prejudice to filing a petition for writ of habeas corpus or some other form of relief.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district judge recommending dismissal of the action consistent with this order.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint, which the Court will screen in due course; or
   b. Notify the Court in writing that he wishes to voluntarily dismiss his case without prejudice; or

      c.   Notify the Court in writing that he wants to stand on his complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

2.   Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-01802-EPG; and

3.   Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **April 24, 2020**             /s/ *Erica P. Grosjean*
                                                    UNITED STATES MAGISTRATE JUDGE