UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR A. AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO, et al.,<br><br>Defendants. | Case No. 1:19-cv-01802-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF NO. 12)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff, Oscar A. Aguilar, is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on December 30, 2019.  (ECF No. 1.)  On May 7, 2020, the Court entered a screening order finding that the complaint did not state any cognizable claim and providing Plaintiff with an opportunity to file an amended complaint. (ECF No. 11.) Plaintiff filed a first amended complaint ("FAC") on June 29, 2020. (ECF No. 12.) The Court recommends that the FAC (ECF No. 12) and this action be dismissed with prejudice for failure to state a cognizable claim.

I.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

II. **SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff's complaint alleges as follows:

A. **Due Process, False Imprisonment, Cruel and Unusual Punishment**

Plaintiff alleges: The investigators failed to follow the due process. I'd never seen the accuser of the complaint putting charges. Penal Code 269 aggravated with great bodily injury but no DNA expert doctor's report, violating Penal Code 680 sexual assault DNA Bill of Right.

But falsified the allegation just to have case. Thank God for SB 1421 police misconduct. Since day one until now, they can't provide my request to have access to the court as my right. Penal Code 1203.01. Immediately the Judge and the District Attorney after judgment, respectively, may cause to file with the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner. The Judge and the District Attorney shall cause those statements to be filed if no probation officer's report has been filed.

As to injury, Plaintiff alleges: "I do believed they'd destroyed or expunged for a reason that they cannot provide because there's no accuser and that's why the case is pending adjudication."

B. **Due Process**

Plaintiff alleges: I'd also asked a request with regards to my Privacy Act information here in CCI, Tehachapi, but the counselor Mr. Rosender denied the request and point finger with the CDCR Sacramento main office. Here's why I need my Privacy Act information under PC 1203.01. Immediately after the filing of these statements and reports, the clerk of the court shall mail a copy thereof, certified by the clerk with postage prepaid, addressed to the Department of Corrections and Rehabilitation at the prison or other institution to which the person convicted is delivered. The clerk shall also mail a copy of any statement submitted by the court, District Attorney, or law enforcement agency. Pursuant to this section, with postage prepaid, addressed to the attorney for the defendant, if any, and to the defendant, in care of the Department of Correction and Rehabilitation and a copy of any statement submitted by the attorney for the defendant, with postage prepaid, shall be mailed to the District Attorney.

As to injury, Plaintiff alleges: "This is a damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid."

C. **Information in Prison Records**

Plaintiff alleges: The warden, counselor II Mr. Rosender, and the parole board had their responsibilities to respond and provide my request under PC 1203.01 for I'd noticed that the

abstract of judgment and the legal status summary does not balance. In my abstract of judgment, 5 counts of the same and similar offenses under Penal Code 269, aggravated with great bodily injury and serious violent crime PC 1192.7 but insufficient evidence, section 1385, and the legal status summary had different charges. The Privacy Act requires that each agency keeping a system of records must maintain those records with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to an individual. If an agency willfully or intentionally fails to maintain records in such a manner and as a result makes a determination adverse to an individual, it will be liable to that person for money damages.

As to injury, Plaintiff alleges: "These charges that I didn't commit destroyed lives, family, future of my children for separating us. History repeat itself since 1851."

### D. Attachments to Complaint

Plaintiff attaches various documents to his FAC. These documents include (1) a document titled "Case Information" which is dated September 17, 2010, that indicates that as of that date, Plaintiff had felony charges pending (ECF No. 12 at 19); (2) an abstract of judgment indicating that Plaintiff was convicted by a jury on September 22, 2011, of five counts of aggravated sexual assault of a child, and was sentenced on November 10, 2011, to a term of incarceration of sixteen years determinate and seventy-five years to life indeterminate on those convictions (*id.* at 20); (3) a document titled "Legal Status Summary," which also indicates that Plaintiff was convicted of five counts of aggravated sexual assault and that Plaintiff was sentenced to a total term of life with parole (*id.* at 21); and (4) numerous other documents relating to cases involving third parties (*id.* at 23-58).

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  *Iqbal*, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Plaintiff Cannot Challenge Conviction or Sentence in § 1983 Action

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action under § 1983. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act.").

When a prisoner challenges the legality or duration of his custody or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the *conviction* or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488; *Nettles v. Grounds,* 830 F.3d 922, 933 (9th Cir. 2016) (*en banc*) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence....").

Here, Plaintiff challenges the legality of his conviction and the duration of his sentence on many grounds including lack of due process and false imprisonment. This type of challenge does not state a claim under § 1983. Instead, Plaintiff must appeal the conviction and may file a writ of habeas corpus.

### C. Eighth Amendment

A criminal sentence that is grossly disproportionate to the crime for which the defendant was convicted violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Solem v. Helm*, 463 U.S. 277, 285 (1983). However, "[s]trict proportionality between crime and sentence" is not required, *Harmelin v. Michigan*, 501 U.S.

957, 1001 (1991) (Kennedy, J., concurring); *see United States v. Bland*, 961 F.2d 123, 128-29 (9th Cir. 1992). Rather, the Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring); *see also Ewing v. California*, 538 U.S. 11, 23 (2003). Therefore, with the exception of capital cases, successful Eighth Amendment challenges to the proportionality of a sentence have been "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980); *see also Ramirez v. Castro*, 365 F.3d 755, 775 (9th Cir. 2004).

Furthermore, the Supreme Court has cautioned federal courts to be reluctant to review legislatively mandated terms of imprisonment for crimes "concededly classified and classifiable as felonies." *Hutto v. Davis*, 454 U.S. 370, 374 (1982); *see also Rummel*, 445 U.S. at 274. "Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." *United States v. McDougherty*, 920 F.2d 569, 576 (9th Cir. 1990); *see Harris v. Wright*, 93 F.3d 581, 584 (9th Cir. 1996) ("Disproportion analysis, however, is strictly circumscribed; we conduct a detailed analysis only in the "rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."); *see also Belgarde v. Montana*, 123 F.3d 1210, 1215 (9th Cir. 1997) ("We have held that '[g]enerally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.'").

Here, Plaintiff was convicted of five separate counts of aggravated sexual assault of a child in violation of California Penal Code § 269(a)(1). These offenses are punishable by imprisonment for 15 years to life, and the sentences for offenses of conviction that involve either separate victims or involve the same victim on separate occasions are to run consecutively. Cal. Penal Code § 269(b), (c). The Abstract of Judgment and Legal Status Summary indicate that the sentence for each of the five convictions was to run consecutively, and that each of the five offenses of conviction were for separate occasions. (*See* ECF No. 12 at 20-21.) Thus, Plaintiff's sentence of determinate 16 years and indeterminate of 75 years to life "does not exceed the statutory maximum, [and] will not be overturned on eighth amendment

1  grounds." *McDougherty*, 920 F.2d at 576; *see, e.g., Norris v. Morgan*, 622 F.3d 1276 (9th Cir.
2  2010) (upholding sentence of life without the possibility of parole for a single conviction
3  resulting from a brief touching of the victim's genitalia over clothing where the petitioner had
4  one previous conviction for child molestation); *Zimmer v. Stewart*, 57 F. App'x 729 (9th Cir.
5  2003) ("51-year sentence for three counts of child molestation and three counts of sexual abuse
6  is not grossly disproportionate").

   ### D.  DNA Evidence

8        Plaintiff also appears to claim that he was wrongly convicted due to the lack of DNA
9  evidence.  To the extent he is challenging his conviction and sentence, this claim cannot go
10 forward in this § 1983 lawsuit, as described above. There is, however, a limited exception for a
11 claim that the state's refusal to provide DNA testing violated due process of the law.  To state
12 such a claim, Plaintiff must describe the attempts to get DNA evidence, the process that is
13 provided by the state for obtaining DNA evidence, and why those procedures as applied to him
14 violate due process. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (holding that a convicted
15 prisoner may bring a post-conviction claim for DNA testing pursuant to § 1983 because
16 "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove
17 exculpatory, inculpatory, or inconclusive[,]" and will not necessarily imply the invalidity of
18 his conviction; however, noting that the right of a state prisoner to bring a federal action for
19 DNA testing is "severely" limited); *District Attorney's Office for Third Judicial Dist. v.
20 Osborne*, 557 U.S. 52, 69 (2009) (holding that Alaska law governing procedures for
21 postconviction relief did not violate a prisoner's due process right, but providing a framework
22 for evaluating whether a refusal of a state to allow DNA testing violated a Plaintiff's due
23 process rights).
24       Thus, a plaintiff can state a cognizable § 1983 claim for DNA testing by challenging the
25 constitutionality of a state statute on its face or as applied to his case. However, a plaintiff
26 cannot state a cognizable § 1983 claim by challenging or seeking review of the state court
27 rulings denying requests for DNA evidence. *See Skinner*, 562 U.S. at 533, 536; *see also*
28 *Martinez v. Dist. Attorney of San Joaquin Cty.,* 2012 WL 1574818, at *3 (E.D. Cal. 2012) (a

claim challenging state court decision denying DNA testing is not cognizable under section 1983).

Here, Plaintiff appears to challenge the fact that he was convicted without DNA evidence. This does not state a cognizable claim under § 1983.

### E. Information in Prison Files

Plaintiff appears to claim that the information in the Abstract of Judgment and the Legal Status Summary from his prison records do not match, and that he is convicted of charges he did not commit. Again, to the extent he is challenging his conviction and sentence, this claim cannot go forward in this § 1983 lawsuit, as described above. Further, to the extent he is claiming his prison records are being inaccurate and that the prison officials have failed to maintain accurate and complete records, his claim is not cognizable under § 1983.

In general, prison inmates do not have a protected liberty interest in freedom from alleged classification errors where such errors do not cause the inmates to be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The same principle applies to claimed due process violations arising from allegedly false information in prison documents, such as the legal status summary in prison records. *See Hines v. Gomez*, 108 F.3d 265, 268-69 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations; a guard may, and often does, file an accusation solely on his own word, making his mere accusation the only 'modicum of evidence.'");[1] *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (Prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," so long as they are "not . . . deprived of a protected liberty interest without due process of law.").

Here, Plaintiff is alleging that his prison records contain false information regarding his criminal history. The mere presence of this allegedly false information in Plaintiff's prison

---

[1] *Hines* reaffirms, however, that a prisoner may challenge false records if the false records were created in retaliation for a prisoner's exercise of their protected First Amendment rights. *Hines*, 108 F.3d at 269.

9

records does not, without more, violate Plaintiff's constitutional rights. *See ibid*. Thus, Plaintiff's claims that his prison records contain false information, and that prison officials have failed to accurately maintain his prison records, are not cognizable claim under § 1983.[2]

### IV.   CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court recommends dismissing Plaintiff's First Amended complaint for failure to state any cognizable claim. The Court recommends not allowing leave to amend because Plaintiff was already given leave to amend with the relevant legal standards and further amendment would be futile.

For the foregoing reasons, IT IS RECOMMENDED that:

    a. This action be dismissed, with prejudice and without leave to amend, based on Plaintiff's failure to state a cognizable claim under § 1983; and

    b. The Clerk of the Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

---

[2] Plaintiff also cites to California Penal Code PC 1203.01 in relation to this claim as well as his other claims. The penal code is a criminal statute and does not provide for a private right of action against Defendants. "With rare, limited exceptions, none of which applies to § 1983 actions, federal law does not allow a private citizen to bring a criminal prosecution against another citizen. Criminal actions are initiated by the state, not by private citizens." *Lipsey v. Reddy*, No. 1:17-cv-00569-LJO-BAM (PC), 2017 WL 4811723, at *4 (E.D. Cal. Oct. 24, 2017), *report and recommendation adopted*, No. 1:17-cv-00569-LJO- BAM (PC), 2017 WL 5070338 (E.D. Cal. Nov. 3, 2017*); see also Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (noting that Supreme Court rarely implies a private right of action under a criminal statute.) Therefore, Plaintiff is unable to bring a criminal action under § 1983 against Defendants for violation of the California Penal Code, and he fails to state a claim on that basis. *See Turnbough v. Hernandez*, No. 1:17-cv-01465-BAM (PC), 2018 WL 3637026, at *4 (E.D. Cal. July 30, 2018), *report and recommendation adopted*, No. 1:17-cv-01465-DAD-BAM, 2018 WL 5023388 (E.D. Cal. Oct. 16, 2018).

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 5, 2020**              /s/ *Erica P. Grosjean*
                                                                  UNITED STATES MAGISTRATE JUDGE